(7 Misc. Rep. 241.)

### STIRN v. HOFFMAN HOUSE CO.

(City Court of New York, General Term. February 8, 1894.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.
   A general salesman may bind his principal by an agreement to allow a purchaser a discount on the amount of sales made to him.

2. COUNTERCLAIM—EXTENT OF ALLOWANCE.
   In an action for the price of goods sold, a counterclaim for a discount from the price alleged to have been agreed on may be allowed to the extent of the amount sued for, but not in excess of it.

Appeal from trial term.

Action by Bernhard Stirn against the Hoffman House Company for the price of goods sold and delivered. From an affirmative judgment on a counterclaim interposed by defendant, plaintiff appeals. Modified.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

Charles Strauss, for appellant.
John Delahunty, for respondent.

FITZSIMONS, J. The plaintiff's assignor, L. Somborn & Co., was engaged in the business of selling a brand of champagne known as "Grand Sec." They employed one Edward K. Somborn to sell said wine as a general salesman. In that capacity he sold to de-

fendant wines, and agreed to allow it a discount of 10 per cent. upon the value of wines purchased. The amount of such discounts, it appears, was $320.13. These facts were testified to by the salesman and the defendant's president, and were uncontradicted, and for that sum defendant set up a counterclaim. This action was brought to recover the value of wines sold,—$232,—with interest. Judgment was rendered in defendant's favor upon said counterclaim, over and above the amount claimed by plaintiff, for $67.31, and from said judgment this appeal is taken.

The undisturbed testimony shows that Edward K. Somborn was the general salesman of plaintiff's assignor. As such, his agreement to allow a discount and fixing prices was binding, and in law was the act of his principal.

The trial justice was justified, in view of the undisputed evidence of defendant, to direct a verdict in defendant's favor upon the counterclaim up to the amount claimed in the complaint, but not beyond it. It was error, therefore, for him to render an affirmative judgment in defendant's favor for $67.31, because plaintiff is an assignee. The judgment must therefore be modified by reducing it $67.31, and, as so modified, affirmed, with costs. All concur.